HALLIDAY *v*. SMITH.

Opinion delivered January 6, 1900.

ESTOPPEL—INDICTMENT.—Where, for the purpose of laying a foundation for a formal contest as to the existence of a public road, defendant had himself indicted, and was convicted and fined, for obstructing the same, such proceedings do not estop him from subsequently denying that the road was a public highway, in an action brought to restrain him from obstructing such road. (Page 312.)

Appeal from Chicot Circuit Court in Chancery.

JNO. M. ROSE, Special Judge.

*D. H. Reynolds* and *Jno. C. Connerly*, for appellant.

As to the right to an injunction, see 35 Ark. 497; 40 Ark. 83. A judgment establishing a road cannot be collaterally attacked. 47 Ark. 431.

*Rose, Hemingway & Rose*, for appellee.

The order of the county court was obtained through fraud, and is void. 42 Ark. 348; 2 Fr. Judg. § 489; Big. Fraud, 87. The statutory notice was requisite to the validity of the order. 51 Ark. 34; 65 Ark. 94; *id.* 142, 143; 13 Ark. 491; 52 *id.* 312; 55 *id.* 30; 54 *id.* 642; 59 *id.* 487; Sand. & H. Dig., § 4190. It was a taking of property without due process of law. 43 Ark. 545; 5 *id.* 409; *id.* 217; 3 *id.* 536; Ell. Streets and Roads, 233. There never having been any petition to the county court, it had no jurisdiction. Sand. & H. Dig., § 2817; 2 Rap. & Law. Dict. 958; 93 U. S. 283; 55 Ark. 566. Nor did appellee's appearance a year later, to file his protest, validate the order. 58 Ark. 186; 47 Pac. 330; 64 Ark. 108. Nor

can the conviction in the criminal case amount to an estoppel here. 1 Greenl. Ev. § 537; 13 Ark. 217; 15 *id.* 319. At most, it was an admission, and appellee can show it to have been made under a mistake of law. 15 Ark. 62; 1 Greenl. Ev. §§ 204, 205, 206[2], 209; 22 Ark. 496; 23 Ark. 134; 11 *id.* 263; 49 *id.* 300; 17 *id.* 221; 32 *id.* 266.

BUNN, C. J. This is a bill to enjoin the defendant, Benjamin H. Smith, from obstructing an alleged public road, and from interfering, to prevent their free passage along said road, with the plaintiff's employees and tenants.

The complaint stated, among other things, "that there is a public road running from the gate on east bank of Yellow Bayou, near the Yellow Bayou Gin-house, and extending east, by the residence of B. H. Smith, Esq., on the Bellevue plantation, to the Mississippi river, there intersecting the road leading from Linwood to Luna Landing; that this road *has been a public road, and travelled as such for the last thirty years and more, and has been recognized and treated as a public road by the county court and circuit court* of the said county of Chicot."

The answer denied that the road had ever been a public road, and denied also that it had ever been attempted to use and treat it as such until in 1882 or 1883, and denied also that the road at that time was established by the county court, and denied that it has been a public road since that time, and, in fact, put in issue all the material allegations of the complaint.

The orders of the county court of Chicot county, made at its April term, 1882, and January term, 1883, exhibited with the complaint, and the evidence in relation thereto, do not purport to treat said road as a pre-existing public road, and the evidence does not sustain the allegation that it was treated as a public road previously to that time. The said orders of the county court, viewed as an attempt to lay out and establish a new road, do not purport to have been made in compliance with the provisions of the statutes on the subject, either in respect to notice or any other essential particular. They are therefore void, and were without force and effect from the be-

ginning, and are of course subject to collateral, as well as direct, attack, and to be treated as nullities in any case.

The transcript of the proceedings of the Chicot circuit court, exhibited with the bill, show that, after the defendant had entered his remonstrance in the county court against the attempt to make the road a public road, he had himself indicted in the circuit court for obstructing said road, and was convicted and fined. The reason given by the defendant for this strange proceeding, as given in his testimony, is shown thus:

"Question. State, if you remember, why your attorney advised you to submit to an indictment and bring your suit in the chancery court by injunction?

"Answer. He said, if I was indicted, and the cause was brought up, this would settle the whole road case, and I was told by Judge Bradley that the restraining order would be the proper course to pursue, and I told my attorney what Judge Bradley (the then circuit judge) had said, and he made out the papers, and Judge Bradley granted the injunction."

Plaintiff contends that defendant estopped himself by this conduct from denying the existence of the public road. Defendant's acts may have the appearance of admitting the fact that the road was a public road, but, under the circumstances, it was only for the purpose of laying the foundation of a more formal controversy of that fact in the proper tribunal. Besides, what a defendant may do in a criminal court can hardly be pleaded as an estoppel against him. It is plain that whatever defendant did was done in furtherance of his resistance to the establishment of this road. The evidence of the conduct and acts of the parties to this controversy, subsequent to the said orders of the county court, not only do not show an acquiescence on the part of the defendant, the owner of the plantation directly affected, in the use of the public road, but a constant and continual warfare and struggle against the plaintiff and his friends, who as persistently and continuously sought to have the road treated as a public road. There is, therefore, no ground whatever upon which it can be said that this road was ever made or became a public road, in the meaning of the law then in force, either by prescription, by use, by the estab-

lishment by the county court, or by the assent and acquiescence of the owner of the land affected.

There was objection made to the reading of some of the depositions of defendant, one of the grounds being that the same were taken prematurely, that is, before the answer was filed. The complaint was filed September 11, 1890. The answer was filed November 20, 1890. The notice to take depositions was served on plaintiff's attorney on November 24, 1890, and under that notice the depositions of C. C. Martin, J. F. Ward, James McMurry and Joseph Bryan, for defendant, were taken on November 26, 1890. Notice to take depositions on the 27th day of November, 1890, was served on plaintiff's attorney November 24, 1890, and the deposition of H. N. Merriman, the county judge presiding when the said orders were made, was taken thereunder. The deposition of J. H. Worner and possibly some others was taken two or three days before the answer was filed. Without stopping to discuss the materiality of the objection on this ground, the depositions taken not subject to this particular objection fully sustain the defendant's contention. The other grounds of objection do not appear material and prejudicial to plaintiff.

The decree was to the effect that the demurrer to the complaint be sustained, because the plaintiff, showed no legal capacity to sue, and also to the effect that there is no equity in the bill.

There is no provision in the statutes giving a right of action to an individual against another for obstructing a public road, but, without discussing the demurrer to the bill, we find no error in the decree of the chancellor to the effect that there is no equity in the bill itself. The decree is therefore affirmed.